IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON, JR., and
ROY DEER,

                              Plaintiffs,

     v.

LA CROSSE CTY. POLICE DEP'T, and
LA CROSSE CTY.,

                              Defendants.

OPINION and ORDER

21-cv-381-jdp

---

Plaintiff David Anthony Pearson, Jr., appearing pro se, is detained at the La Crosse County Jail. Pearson currently faces several state criminal charges. Pearson alleges that La Crosse County officials have violated his federal rights in several ways. Pearson listed Roy Deer as co-plaintiff, though Deer did not sign the complaint. The court granted Pearson leave to proceed in forma pauperis and he has paid the initial partial filing fee as the court directed.

Because Pearson is incarcerated and proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B) and 1915A. These provisions require me to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. In doing so, I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Applying this standard, I will stay Pearson's claims whose adjudication would unduly interfere with his state prosecutions and dismiss the remainder of the complaint for various pleading deficiencies.

ALLEGATIONS OF FACT

Pearson alleges the following facts, which I accept as true to screen the complaint.

On April 23, 2021, an unidentified officer of the La Crosse County Police Department (LCPD) arrested Pearson without any investigation. The officer did not give Pearson his *Miranda*[1] warnings. Pearson was placed in a room at the jail with no sink and a "sawyer top" to use as a toilet. Pearson had no water and was dehydrated. He stayed in the room for three days and did not receive his medication, which caused him to have negative thoughts.

Eleven days later, after Pearson's release from the jail, an LCPD officer approached and questioned him without *Mirandizing* him. Pearson ran away after the officer drew his taser. Several officers tackled him and took him to the jail. When officers removed him from the police car, they put pressure on his head. This force left Pearson with scars on his temple. Pearson was taken to a cell and placed in a restraint chair for an hour. The cell had no sink and a "sawyer tap" for a toilet. Pearson was in the cell for two days without medication.

A few weeks later, Pearson received legal mail but not the envelope in which it was sent. Also, someone told him that his family could not write him a letter or send him a card.

Pearson seeks dismissal of his criminal charges and damages.

ANALYSIS

Because Pearson alleges that he was arrested without an investigation, I interpret the complaint to assert a false arrest claim. Also, Pearson alleges a violation of *Miranda* and seeks dismissal of his criminal charges.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Pearson currently faces a variety of criminal charges in La Crosse County Case Nos. 2021CF000504, 2021CF000359, 2021CF000346, 2021CF000305, 2019CM001128, and 2019CM001089. I may take judicial notice of these publicly available judicial records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Deciding Pearson's claims for false arrest, a violation of *Miranda*, and dismissal of the charges would unduly interfere with his state prosecutions. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

Pearson has alleged additional claims that would not interfere with the state's prosecution. But, as explained below, they all have problems. I will not allow Pearson to proceed on these claims at this time but will allow him to file an amended complaint to fix these problems.

Pearson asserts an excessive force claim and claims related to the conditions of his detention. But Pearson names only the jail and La Crosse County as defendants; he does not identify the individuals responsible for these alleged deprivations. Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). To state a claim against these individuals, in the amended complaint's caption, Pearson must identify each individual by full name. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Also, Pearson must provide allegations explaining how each named defendant violated his civil rights. If Pearson does not know the identifying information of the individuals that he believes violated his civil rights, he should

file a prisoner request at the jail for this information or, if necessary, make a public records request with La Crosse County. The request should contain as much information as possible regarding the individuals that Pearson wishes to identify.

Pearson alleges that his conditions of detention were unlawful. Because Pearson is a pretrial detainee, the Fourteenth Amendment's objective reasonableness standard governs this claim. *See Hardeman v. Curran*, 933 F.3d 816, 821–23 (7th Cir. 2019). To state a facially plausible § 1983 claim, Pearson must plead enough "factual content" to allow me reasonably infer that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If he alleges the necessary personal involvement in his amended complaint, Pearson's allegation that he was deprived of water for three days and suffered dehydration may meet this standard. *See Hardeman*, 933 F.3d at 824–25. However, without more supporting facts, Pearson's allegations that his cell had a "sawyer tap" as a toilet and that he failed to receive medication for a few days are too conclusory to plausibly infer that these conditions were objectively unreasonable. *See Iqbal*, 556 U.S. at 678–79.

Pearson asserts an excessive force claim. Courts analyze claims that police officers have used excessive force during arrests of free citizens under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether an officer's use of force is reasonable depends on the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Here, Pearson alleges that officers: (1) tackled him after he fled from them and; (2) put enough pressure on his head to scar him. But he alleges no further facts to support his excessive

force claim. If Pearson wishes to proceed on an excessive force claim, he should allege additional details regarding these alleged uses of force in his amended complaint. Although these allegations are serious, such vague and unsupported factual allegations fail to state a facially plausible § 1983 claim. *See Iqbal*, 556 U.S. at 678–79.

Pearson appears to have improperly raised his claims about interference with his mail in this lawsuit. Federal Rule of Civil Procedure 20 prohibits plaintiffs from bringing unrelated claims against different defendants in a single action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pearson's allegations about his mail are not logically related to his remaining allegations. And the complaint does not suggest that the individuals who allegedly interfered with his mail were also responsible for the remaining deprivations he alleges.

I must dismiss the jail as a defendant because it "does not have the legal capacity to be sued" under § 1983. *Morrison v. Brown Cty. Jail*, No. 21-CV-1436-PP, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022).

Pearson also sues La Crosse County. To state a § 1983 claim against a municipality, Pearson must allege that a municipal "policy" or "custom" caused a constitutional deprivation. *Montano v. City of Chicago*, 535 F.3d 558, 570 (2008). Because Pearson has not alleged that a policy or custom of the county caused the purported constitutional deprivations, he has yet to allege a basis for § 1983 liability against the county.

The complaint lists Roy Deer as co-plaintiff. But Deer did not sign the complaint or correct this deficiency after the clerk notified him of it. Dkt. 3. So I will dismiss Deer as a plaintiff. *See* Fed. R. Civ. P. 11(a).

ORDER

IT IS ORDERED that:

1. Plaintiff David A. Pearson, Jr.'s complaint, Dkt. 1, is STAYED IN PART AND DISMISSED IN PART.

2. Plaintiff's claims for false arrest, a violation of *Miranda*, and dismissal of the charges are STAYED. Pearson must move to lift the stay within 30 days after the conclusion of the above criminal proceedings, which include any direct criminal appeals. If Pearson fails to comply with this order, I will dismiss the stayed claims.

3. Plaintiff's remaining claims are DISMISSED for the above reasons. Plaintiff may have until September 1, 2022, to submit an amended complaint that corrects the above deficiencies. If plaintiff does not file an amended complaint by this date, or otherwise fails to comply with this order, I will dismiss the case for any appropriate reason.

4. La Crosse County Jail is DISMISSED as a defendant.

5. Roy Deer is DISMISSED as a plaintiff.

Entered August 10, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge